IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

**BARBARA D. MIMS**                                                                            **PLAINTIFF**

**v.**                                                                       **CIVIL ACTION NO. 1:21-CV-66-DAS**

**KILOLO KIJAKAZI, ACTING COMMISSIONER**
**OF THE SOCIAL SECURITY ADMINISTRATION**                       **DEFENDANT**

**FINAL JUDGMENT**

Plaintiff Barbara D. Mims filed a Complaint for Judicial Review of Social Security Decision of the unfavorable decision of the Commissioner of Social Security regarding an application for a period of disability and disability insurance benefits. Docket 1. The parties have consented to entry of final judgment by the United States Magistrate Judge under 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Fifth Circuit. Docket 20. The Court, having reviewed the record, the administrative transcript, the briefs of the parties, and the applicable law and having heard oral argument, finds that the Commissioner's decision should be remanded.

**FACTS**

The plaintiff filed for benefits on December 9, 2019, alleging onset of disability commencing on April 12, 2018. The Social Security Administration denied the claim initially and on reconsideration. Following a hearing, the ALJ issued an unfavorable decision on January 7, 2021. The Appeals Council denied the request for review, and this timely appeal followed.

The ALJ determined the claimant had the following severe impairments: residuals of rotator cuff tear in right shoulder (s/p repair surgery). The ALJ found she retained the residual functional capacity (RFC) to perform light work with the ability to lift/carry and push/pull twenty pounds occasionally and ten pounds frequently with the non-dominant upper left extremity. She can lift/carry and push/pull up to fifteen pounds maximum with the dominant

right upper extremity. She can stand/walk and sit for six hours in an eight-hour workday. She can never climb ladders, ropes, and scaffolds. She can occasionally push or pull with the dominant right upper extremity. She can occasionally operate hand controls with the right upper extremity. She can never reach overhead with the right upper extremity but can frequently reach in remaining directions. She must avoid exposure to unprotected heights or dangerous moving machinery. The ALJ found the plaintiff is capable of performing her past relevant work as a sales representative as generally performed.

## ANALYSIS

The plaintiff asserts the ALJ erred in finding Dr. Scot Jones's opinion only "partially persuasive" on the basis that it was internally inconsistent. In a letter dated January 22, 2019, with respect to the plaintiff's underlying worker's compensation claim, Dr. Jones stated that the plaintiff was "not to push and pull." He further clarified that the plaintiff "cannot push and pull heavy carts. Heavy carts will be defined as anything over about 30 or 40 lbs. No pushing and pulling over 30 to 40 lbs." The ALJ found this medical statement "internally inconsistent" noting Dr. Jones "stated the claimant is not to push or pull but […] goes on to describe situations in which the claimant can push or pull."

Having considered the plaintiff's arguments on this point, specifically as they relate to worker's comp considerations, the court is persuaded that Dr. Jones was likely intending to note the specific push/pull restrictions relevant to the plaintiff's prior work and, if so, his opinion is not necessarily internally inconsistent. However, this court's review is constrained by a showing of substantial evidence supporting the ALJ's decision. *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995). It cannot "reweigh the evidence in the record […] or substitute its judgment for the Commissioner's, even if the evidence weighs against the Commissioner's decision." *Carey v. Apfel*, 230 F.3d 131, 135 (5th Cir. 2000).

Here, with the benefit of Dr. Jones's January 2019 medical statement, the State Agency physicians limited the plaintiff to occasional pushing and/or pulling with her right upper extremity due to the "multiple surgeries in degenerative changes in the right shoulder." The ALJ found the DDS physicians' opinions "partially persuasive" yet ultimately imposed limitations on the plaintiff's ability to push and/or pull with *both* extremities, finding she could "push/pull 20 pounds occasionally and 10 pounds frequently with the non-dominant left upper extremity" and "up to 15 pounds maximum with the right upper extremity." Finding substantial evidence in the record to support the ALJ's findings, the court must affirm on this issue.

However, the court appreciates the Commissioner's candid appraisal of the record as a whole in identifying a conflict between the RFC and the Dictionary of Occupational Titles (DOT) that the ALJ failed to recognize and resolve, requiring that this matter be remanded. Social Security Ruling 00-04p, 2000 WL 1898704 (Dec. 4, 2000) acknowledges the reliance of the Social Security Administration on the "DOT (including its companion publication the SCO)," in making disability determinations and on "VEs … to resolve complex vocational issues." *Id.* at *2. This ruling provides "occupational evidence provided by a VE … generally should be consistent with the occupational information supplied by the DOT." *Id.* "When there is an apparent unresolved conflict between VE … evidence and the DOT, the adjudicator must elicit a reasonable explanation for the conflict before relying on the VE evidence to support a determination or decision about whether the claimant is disabled." *Id.* The ALJ is required to "inquire, on the record, as to whether or not there is such consistency." *Id.* In the event of a conflict, there is no regulatory presumption favoring DOT information over VE testimony. But when there is a conflict, the ALJ "must resolve the conflict by determining if the explanation given by the VE … is reasonable and provides a basis for relying on the VE's testimony rather than on the DOT information." *Id.*

The ALJ determined that the plaintiff could return to her past relevant work as a sales representative as generally performed at the light exertional level. The decision notes the vocational expert's testimony that the DOT "does not distinguish between direction of reaching (overhead versus other directions) or the use of only one upper extremity;" yet the ALJ concludes, without explanation, that in light of her RFC and the occupation's physical and mental demands, the plaintiff can perform this past relevant work as generally performed. Without an explanation as to whether the plaintiff's past relevant work could be performed with the subject limitation on her ability to push and/or pull with her dominant upper extremity, a conflict exists between the VE's testimony and the DOT necessitating remand.

This court recently addressed the extent to which possible conflicts between the VE testimony and the DOT will be waived if not raised at the administrative level. This court in *Clevenger v. Commissioner of Social Security,* 2021 WL 681117 (N.D. Miss. February 22, 2021), found that where the conflict was "at best indirect or implied" it would be deemed waived if not argued at the administrative level. The conflict in this case, however, is not implied or indirect, and without resolution of the conflict, the court cannot determine if the Commissioner met its burden of production at Step Five. This is an apparent conflict the ALJ was obliged to resolve, and on remand, the Commissioner is required to obtain an explanation from a VE to resolve the conflict and explain how the conflict was resolved. Accordingly, the Commissioner's decision is reversed and remanded for a rehearing of the plaintiff's application under the fourth sentence of § 405(g).

**SO ORDERED**, this the 24th day of March, 2022.

                                              /s/ David A. Sanders
                                              **UNITED STATES MAGISTRATE JUDGE**